# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 16, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CORNERSTONE INTERIORS, INC.,**
**Employer Below, Petitioner**

**vs.)　No. 14-1143** (BOR Appeal No. 2049412)
　　　　　　　(Claim No. 2012011042)

**RALPH HARTWELL,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Cornerstone Interiors, Inc., by Marion E. Ray, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Ralph Hartwell, by Reginald D. Henry, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 1, 2014, in which the Board affirmed an April 28, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges granted Mr. Hartwell's request for attorney's fees incurred in the reversal of the claims administrator's October 14, 2013, decision denying a cervical spine MRI, an EMG of the upper extremities, labs, and a follow-up appointment with Barry Vaught, M.D. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hartwell, a carpenter, was injured in the course of his employment on September 27, 2011. An independent medical evaluation was performed by Prasadarao Mukkamala, M.D., in which Mr. Hartwell complained of left shoulder pain, neck pain, and headaches. Dr. Mukkamala found he had reached maximum medical improvement and only required maintenance medical management. He also stated that cervical sprain and left shoulder sprain should be added to the claim as compensable conditions. The claim was held compensable for multiple injuries

1

including cervical sprain and left shoulder sprain. The Office of Judges authorized an appointment with Dr. Vaught on July 31, 2013. Dr. Vaught found that Mr. Hartwell continued to have intolerable pain in the left side of his neck that radiated into his left arm. He reported a new tremor in his right hand. Dr. Vaught diagnosed cervical radiculopathy, tremor, occipital neuralgia, and nightmares. He found that Mr. Hartwell had a tremor as well as other Parkinsonian findings that were not present prior to the compensable injury. He requested a cervical spine MRI, an EMG of the upper extremities, labs, and a follow-up appointment. The claims administrator denied his requests on October 14, 2013.

The Office of Judges reversed the claims administrator's decision on February 20, 2014, and authorized the requested tests and follow-up appointment. It found that the claim was held compensable for several conditions including neck strain and sprain of the shoulder and upper arm. It noted that Dr. Mukkamala recommended that cervical sprain and left shoulder sprain be added to the claim. It also noted that a prior Office of Judges' Order authorized an appointment with Dr. Vaught. It stated that Dr. Vaught noted a new finding of hand tremors in his examination, and Mr. Hartwell also continued to have severe pain in his neck and left shoulder. Dr. Vaught's findings were determined to be persuasive. Following the Order, on April 1, 2014, Mr. Hartwell filed a petition for attorney's fees incurred in the reversal of the claims administrator's October 14, 2013, decision. Cornerstone Interiors, Inc., filed a response to the petition in which it asserted that the Office of Judges' Order became final on February 20, 2014, and Mr. Hartwell did not request attorney's fees until April 1, 2014. It argued that he was therefore time barred from filing a petition for attorney's fees because his request was made more than thirty days after the Order became final. West Virginia Code § 23-5-16(c)(1) (2009).

The Office of Judges granted Mr. Hartwell's petition for attorney's fees on April 28, 2014. It found that its February 20, 2014, Order was not appealed to the Board of Review and therefore, became final. The Office of Judges noted that West Virginia Code § 23-5-16(c)(1) states that a petition for attorney's fees must be filed within thirty days of the Order becoming final. It held that the Office of Judges' Order became final on March 22, 2014, when the appeal period ended. It stated that to interpret the statute as requiring Mr. Hartwell to file his fee petition within thirty days of the date of the decision could result in premature filings of fee petitions as they would be filed prior to the end of the appeal period. The Office of Judges stated that West Virginia Code § 23-5-16(c)(2) (2009) limits the amount of attorney's fees available to $500 for each litigated medical issue. Mr. Hartwell was therefore awarded $500 in attorney's fees.

The Board of Review affirmed the Office of Judges' Order on October 1, 2014. It stated that West Virginia Code § 23-5-16(c)(1) provides that the petition for attorney's fees must be submitted to the proper decision making authority, which is whichever court enters a final decision on the issue. The Board of Review concluded that in order to determine whether the petition is to be filed with the Office of Judges, it must first be determined if the Office of Judges entered the final decision on the issue. It is therefore impossible to know if the Office of Judges entered the final decision on the issue until the appeal period for the Order has expired. The Board of Review held that a petition is timely submitted if it is submitted within thirty days following the expiration of the appeal period. The appeal period for the Office of Judges' Order

in this case expired on or about March 22, 2014, and Mr. Hartwell petitioned for attorney's fees on April 1, 2014.

On appeal, Cornerstone Interiors, Inc., argues that the Office of Judges' February 20, 2014, Order became final on the day it was entered. It asserts that Mr. Hartwell did not file his petition for attorney's fees until forty days after the decision became final, and the Office of Judges was therefore jurisdictionally barred from granting him attorney's fees. Mr. Hartwell argues that a decision does not become final until the period for appeal expires. After review, we agree with the reasoning and conclusions of the Board of Review. Cornerstone Interiors, Inc.,'s interpretation of West Virginia Code § 23-5-16(c)(1) is incorrect. The Office of Judges' Order did not become final until the period for appealing it expired. To hold otherwise would result in premature filings. Also, the Board of Review was correct that it was impossible to know prior to the appeal period ending if the appeal was the final decision on the issue. Mr. Hartwell had thirty days after the appeal period expired to petition for fees, and he submitted his petition within that thirty day period.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 16, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II